```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


EDWARD ROBINSON,                )
                                )
           Plaintiff            )
                                )
     v.                         )  Case No. 2:06 cv 273
                                )
KARINA SANDOVAL, AURELIO        )
SANDOVAL, VARITIAN McCLAIN,     )
and KARLA LYNN,                 )
                                )
           Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion for Leave to File Third-Party Complaint For Interpleader and Crossclaim for Interpleader filed by the defendants, Karina and Aurelio Sandoval, on January 19, 2007. For the reasons set forth below, this motion is **DENIED**.

Background

On September 20, 2005, defendant Aurelio Sandoval was driving northbound on Indianapolis Boulevard in East Chicago, Indiana, with defendant Karina Sandoval, a passenger. A second vehicle, operated by Karla Lynn, with the passenger Varitian McClain, was heading south on Indianapolis Boulevard. As both vehicles approached the boulevard's intersection with 144th Street, the Sandoval vehicle attempted a left turn. In the ensuing collision, Edward Robinson, a pedestrian standing at the southwest corner of the intersection, was injured.

On August 7, 2006, Robinson, a citizen of Michigan, brought this cause of action against the Sandovals, McClain, and Lynn,

all citizens of Indiana, invoking this court's diversity jurisdiction. 28 U.S.C. §1332. The Sandoval defendants now seek to file a crossclaim in interpleader against McClain and Lynn and a third-party complaint in interpleader against Samuel Melvin, an Ohio citizen, who, according to the Sandovals, may have been injured and intends to assert a claim against them. The Sandovals seek to bring this action pursuant to 28 U.S.C. §1335. The Sandovals are insured under a policy issued by the Hartford Insurance Company. The bodily injury policy limit is $25,000.00 per person. According to the Sandovals, the potential claims against the policy exceed this limit.

## Discussion

As an attempt to amend their responsive pleadings, the Sandovals' motion initially is subject to Federal Rule of Civil Procedure 15. The rule provides that leave to amend shall be freely given unless the circumstances indicate that the amendment is futile or causes the opposing party undue prejudice. ***Peoples v. Sebring Capital Corporation***, 209 F.R.D. 428, 429 (N.D. Ill. 2002)*(citing* ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ***Peoples***, 209 F.R.D. at 430

The district court's jurisdiction over a statutory interpleader action requires that (1) the interpleading plaintiff have custody over disputed property valued at least $500.00; (2) the plaintiff deposit this property with the court; and (3) that two

or more adverse claimants of diverse citizenship claim an interest in the property. 28 U.S.C. §1335. *See also* **American Family Mutual Insurance Company v. Roche**, 830 F.Supp. 1241, 1244-45 (E.D. Wis. 1993); **Hebel v. Ebersole**, 543 F.2d 14, 17 (7th Cir. 1976).

The interpleader statute relaxed the strict standards that had governed the equitable use of interpleader and provided the remedy only to a neutral plaintiff with no stake in the proceeding. *See* **Reliance National Insurance Co. v. Great Lakes Aviation, Ltd.**, 430 F.3d 412, 417 (7th Cir. 2006); **American Family Mutual**, 830 F.Supp. at 1243-1246. The historic use of interpleader also required that a plaintiff "must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them." **Bradley v. Kochenash,** 44 F.3d 166, 168 (2nd Cir. 1995); **American Family Mutual**, 830 F.Supp. at 1243.

However, this restriction too has been relaxed. **Hebel**, 543 F.2d at 17 n.3 (stating that interpleader is "usually based on the risk of double payment of a single liability" but noting that "claims against a stakeholder, while not theoretically mutually exclusive, which exceed the limits of the stakeholders liability" are the proper basis for an interpleader action). The Supreme Court also recognized this use of modern interpleader. **State Farm Fire and Casualty Company v. Tashire**, 386 U.S. 523, 536, 87 S.Ct. 1199, 1206, 18 L.Ed.2d 270 (1967). *See also* **American Family Mutual**, 830 F.Supp. at 1245; **CNA Insurance Companies v. Waters**,

3

926 F.2d 247, 250 (3rd Cir. 1991); *MFA Mutual Insurance Company v. Lusby*, 295 F.Supp. 660, 664-65 (W.D. Va. 1969); *Nationwide Mutual Insurance Company v. Eckman*, 555 F.Supp. 775, 778 (D. Del. 1983).

The Sandovals' claim does not meet the jurisdictional requirement for statutory interpleader. The first, and most important reason, is that the Sandovals, the insured under the Hartford insurance policy, are not the stakeholders in this matter. It is Hartford, and not the Sandovals, who controls this fund. Accordingly, the Sandovals are properly considered claimants. *See Lower v. Brand*, 711 F.Supp. 298, 301 (E.D. Va. 1989); *Network Solutions, Inc. v. Clue Computing, Inc*., 946 F.Supp. 858, 860 (D. Colo. 1996)(describing the "essential aspect that the *res* be under the control of the person bringing the lawsuit.").

This result follows from the distinction between an insurer and its insured, illustrated in the Supreme Court's *Tashire* decision. *Tashire*, 386 U.S. at 535, 87 S.Ct. at 1206 ("State Farm's interest in this case, which is the fulcrum of the interpleader procedure, is confined to its $20,000 fund."). In contrast, an alleged tortfeasor's liability is not similarly confined. *See e.g. Maryland Casualty Company v. Sauter*, 377 F.Supp. 68, 69 (N.D. Miss. 1974)(stating that an interpleader action does not prevent the tort victims from seeking "full satisfaction" against the tortfeasor in another action, notwithstanding the payment of policy limits by the insurer and noting that "such a course will be, to a large extent, governed by [the tortfea-

4

sors's] ability to respond to a judgment."); *National Indemnity Corporation v. Grimm*, 760 F.Supp. 489, 492 (W.D. Pa. 1991)("When interpleader is sought against persons with unliquidated tort claims against the insured, the claimants may be enjoined from asserting their rights to the proceeds of the insurance policy except within the interpleader action, but they cannot be enjoined from establishing their claims against the insured in a forum of their own choosing.").

As these decision make clear, the limits described by the insurance policy create a stake held by the insurer that is distinct from the potential indefinite liability faced by an alleged tortfeasor. Only the former regards a definite stake that can be the subject of an action in interpleader.

The Sandovals' attempt to bring this action suffers from additional shortcomings. According to their motion, the policy provides for a limit of $25,000 per person. Because the policy establishes a limited fund on a per person basis, there is no single limited stake to which multiple parties claim entitlement. Rather, each claimant, if entitled to anything, is entitled to their own maximum of $25,000. Absent evidence of a per occurrence limit in the policy, there is no adversity between the purported claimants. *See e.g. Waters*, 926 F.2d at 251.

In addition, a plaintiff in interpleader may maintain an action against a claimant based upon a reasonable fear that the claimant will seek access to the property. These claims need not be made subject to a judgment or even a suit. *See Schneider v.*

5

*Cate*, 405 F.Supp.2d 1254, 1256 (D. Colo. 2005)("As long as a plaintiff's anticipation of future liability is reasonable and in good faith, it may be the basis for an interpleader."). There is no factual indication in the record to permit the court to determine whether the risk of a claim from Samuel Melvin is reasonable. The court further notes that, if there were a proper stakeholder and adversity between the claimants, all Indiana citizens, this case would meet the minimal diversity requirement only with the addition of Melvin, an Ohio citizen.

Finally, if all other obstacles were cleared, the court also recognizes that the Sandovals have not attempted to bring this action against Robinson, the original plaintiff, thus failing to bring together all potential claimants.

Based upon these shortcomings, the court concludes that it would not have jurisdiction over the interpleader action that the Sandovals seek leave to commence. Accordingly, their motion for leave to file is **DENIED**.

_____

For the foregoing reasons, the Motion for Leave to File Third-Party Complaint For Interpleader and Crossclaim for Interpleader filed by the defendants, Karina and Aurelio Sandoval, on January 19, 2007, is **DENIED**.

ENTERED this 15th day of March, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge

6